UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS JAMES WELLS, III,<br><br>Plaintiff,<br><br>v.<br><br>V. MAES, et al.,<br><br>Defendants. | NO. C17-473-JCC-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff, who is confined at the Coyote Ridge Corrections Center in Connell, Washington, has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 4. This matter comes before the Court upon defendants Seattle Police Department ("SPD") Officers V. Maes and F. Reyes' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 41(b) because plaintiff's claims, which relate to the circumstances of his arrest in downtown Seattle on March 25, 2014, are barred by the *Heck* doctrine. Dkt. 16. To date, plaintiff has not opposed the motion. For the reasons discussed below, defendants' unopposed motion to dismiss, Dkt. 16, is GRANTED, and this matter is DISMISSED without prejudice to plaintiff bringing a new action raising these claims should he satisfy the *Heck* pleading requirements in the future.

REPORT AND RECOMMENDATION
Page - 1

## II. DISCUSSION

A. <u>Background</u>

On March 23, 2017, plaintiff filed a motion to proceed *in forma pauperis* ("IFP") in this action, which the Court granted, along with his proposed civil rights complaint. Dkts. 1, 1-1, 3. Plaintiff's complaint describes the circumstances of his arrest in downtown Seattle on March 25, 2014. Dkt. 4 at 3-12. Specifically, plaintiff alleges that he was standing at a bus stop shortly after 6:30 a.m. when several men in uniforms jumped out of a "D.O.C. van" and ordered plaintiff to "stop you come here." *Id*. at 4. Plaintiff ran from the men, who he believed to be officers of the Department of Corrections, and they began chasing him. Plaintiff "had a firearm that I fumbled with slung under my right armpit. I dropped it right before exiting the alley[.]" *Id*. at 5. After dropping the firearm he was carrying, plaintiff boarded a public transit bus. The uniformed men ordered the bus to stop, boarded the bus, and arrested plaintiff. *Id*. Plaintiff asserted that the search of his pockets incident to his arrest revealed ammunition, money, and drug paraphernalia. *Id.* He asserts that "they did not say I was being detained. Also did not read me my rights before going in my pockets." *Id.* Plaintiff believes the officers mistakenly thought plaintiff "was someone out on D.O.C. community custody on the run with a warrant and just started chasing me" instead of existing their vehicle and approaching plaintiff properly "for a warrant check." *Id*. at 7. He alleges that his arrest amounted to an illegal stop and seizure, and requests $3.5 million each from Officer Maes and Officer Reyes in damages. *Id.* at 7, 12.

After the Court had initially directed service of plaintiff's complaint in April 2017, the Court was advised in June 2017 that the two defendants in this action, Officers V. Maes and F. Reyes, were SPD officers rather than the employees of the Washington Department of Corrections as alleged in plaintiff's complaint. Dkts. 3, 5, 8. After the Court again directed

REPORT AND RECOMMENDATION
Page - 2

service on the defendants, Dkt. 10, defendants promptly appeared and filed a motion to dismiss arguing that plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). Dkt. 16. Specifically, defendants allege that following his arrest plaintiff pled guilty to (1) violation of the uniform controlled substances act (possession of cocaine) with a deadly weapon enhancement, and (2) unlawful possession of a firearm in the second degree. Dkt. 17 (Hicks Decl.), Ex. A. Plaintiff was sentenced to a total of thirty-five months confinement with the Department of Corrections, set to run concurrently with a 79-month sentence imposed in a separate case. Dkt. 17 (Hicks Decl.), Exs. B-C.

B. <u>Legal Standard</u>

In *Heck*, the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck,* 512 U.S. at 486–487. The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. The Supreme Court explained that when a "prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

REPORT AND RECOMMENDATION
Page - 3

Accordingly, *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. *See Edwards v. Balisok,* 520 U.S. 641, 649 (1997); *Butterfield v. Bail,* 120 F.3d 1023, 1025 (9th Cir .1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

    C.  <u>Plaintiff's Claims are Barred by *Heck*</u>

As noted above, plaintiff alleges that uniformed officers attempted to stop him while he was standing on a public street with a semi-automatic rifle slung under his arm, and that he was arrested after he ignored the officers' orders to "come here" and ran away instead. Dkt. 4 at 4. Plaintiff concedes that the officers' search incident to the arrest revealed that he had ammunition and drug paraphernalia in his pockets. *Id*. at 5. Plaintiff ultimately pled guilty to criminal charges stemming from this March 25, 2014 arrest, and he was sentenced to confinement with the Department of Corrections as a result. Dkt. 17 (Hicks Decl.), Exs. A-B.[1]

To prevail on his claims that the March 25, 2014 arrest and subsequent search violated his civil rights, plaintiff would have to show that defendants had no probable cause to arrest him. If meritorious, plaintiff's claims would necessarily imply the invalidity of his subsequent prosecution and conviction. As discussed above, *Heck* bars claims challenging the validity of a prosecution or conviction in the § 1983 context until the conviction or sentence has been invalidated. *See Guerrero v. Gates,* 357 F.3d 911, 918 (9th Cir. 2004) (*Heck* barred plaintiff's

---

[1] The Court may take judicial notice of court records, both within and outside the federal judicial system, if those proceedings have a direct relation to matters at issue in this case. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). *See also* Fed. R. Evid. 201.

claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

Thus, any challenge to plaintiff's arrest, conviction or sentence "must be brought as a petition for a writ of habeas corpus, not under § 1983." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). Plaintiff has already challenged the validity of his prosecution and conviction in state court by filing two personal restraint petitions which were considered, and ultimately denied, by the Washington State Court of Appeals. Dkt. 17 (Hicks Decl.), Exs. D-E.[2] As far as the Court is aware, however, plaintiff has not filed a federal habeas petition relating to his conviction and sentence. Plaintiff cannot currently mount a challenge under 42 U.S.C. § 1983 because *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90. Thus, plaintiff's claims under § 1983 are not cognizable, and should be dismissed.

Accordingly, the Court recommends that defendants' motion to dismiss, Dkt. 16, be GRANTED, and that plaintiff's complaint, Dkt. 4, be DISMISSED without prejudice to plaintiff bringing a new action raising these claims should he satisfy the *Heck* pleading requirements in the future.

---

[2] Specifically, the Court of Appeals denied plaintiff's claims after finding that plaintiff had failed to establish prejudice arising from constitutional error or non-constitutional error resulting in a miscarriage of justice, or that he was being unlawfully restrained. Dkt. 17 (Hicks Decl.), Exs. D-E.

REPORT AND RECOMMENDATION
Page - 5

1  A proposed order accompanies this Report and Recommendation.  The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James P. Donohue.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **October 16, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 20, 2017.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 25th day of September, 2017.

*/s/ James P. Donohue*

JAMES P. DONOHUE  
Chief United States Magistrate Judge